Submitted on record and briefs September 21, 1987, affirmed June 1, reconsideration denied September 23, petition for review denied October 18, 1988 (307 Or 77)

BURTON,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(EAB 86-AB-1671; CA A42021)

755 P2d 723

Kathryn S. Burton, San Francisco, California, filed the briefs *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem, filed the brief for respondent Employment Division.

No appearance for respondent U.S. District Court.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Employment Appeals Board (EAB) that affirmed the referee's decision denying unemployment benefits to claimant pursuant to ORS 657.176(2)(c). We affirm.

Claimant was hired as a judicial law clerk for the U.S. District Court in Portland for a term beginning in September, 1985, and ending in September, 1986. However, early in that term, claimant's supervisor, Judge Frye, asked her if she would prefer to end her employment in late May, 1986. The judge wanted to hire a particular person to replace claimant, and that person wanted to begin work before September, 1986. Claimant testified that she told the judge that she wanted to think about the proposed change to determine whether it would affect her eligibility for unemployment benefits when she became unemployed. According to claimant's testimony, the deputy clerk of the district court in charge of personnel assured her that modification of the employment contract would not affect her eligibility.

In March, claimant agreed to modify the contract and to end her employment on May 23, 1986, which became her last day of work. She applied for unemployment benefits but was informed by the Employment Division that she did not qualify, because her separation papers indicated that she resigned. The referee concluded, and EAB agreed, that claimant had voluntarily left work without good cause and, therefore, was ineligible for unemployment benefits under ORS 657.176(2)(c).

Claimant argues that she did not quit her job because, as a temporary employe, she could not continue working beyond the definite term provided in her employment contract. That contract, she argues, was modified to provide for an earlier termination date. Claimant also argues that she agreed to the earlier termination date in reliance on representations made by her employer that she would be eligible for unemployment benefits.

ORS 657.176(2)(c) provides that a person is disqualified from receiving unemployment benefits if that person has "voluntarily left work without good cause." OAR 471-30-038(2) provides:

"The distinction between voluntary leaving and discharge is:

"(a)    If the employe could have continued to work for the same employer for an additional period of time the separation is a voluntary leaving of work;

"(b)    If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge * * *."

In addition, OAR 471-30-038(4) provides that "good cause" for voluntarily leaving work is

"such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

Claimant voluntarily left work; her employer gave her the option of continuing to work until the end of the original term but, instead, she agreed to leave on May 23. Accordingly, EAB correctly classified her work separation as a voluntary leaving. In addition, that leaving was without good cause. She had a reasonable alternative to leaving work on May 23. She could have continued work until the end of September, as provided in her original contract. Instead, she voluntarily agreed to leave before her term of employment expired.

The findings and conclusions of EAB that claimant voluntarily left work without good cause are supported by substantial evidence and, accordingly, we affirm.[1]

Affirmed.

---

[1] Claimant's estoppel argument based on representations made by the court clerk is without merit. There were no representations made by anyone speaking either for the Employment Division or for EAB and, therefore, claimant cannot assert that equitable estoppel lies against either agency.